IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY COTTON and PAMELA COTTON, | : | |
| | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO. |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT FOR DAMAGES**

COME NOW ANTHONY COTTON and PAMELA COTTON, Plaintiffs in

the above-styed case, and show this Court the following:

PRELIMINARY STATEMENT

Plaintiff, ANTHONY COTTON and PAMELA COTTON, bring this

Complaint against Defendant, UNITED STATES OF AMERICA, pursuant to 28

U.S.C.A. § 2674 to redress injuries and damages suffered by Plaintiffs in that

Defendant's agent, servant and employee did negligently operate a motor vehicle

and which negligence did directly and proximately cause severe bodily injury and

property damage.

JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346 & 2671-80. The FTCA also confers jurisdiction. 28 U.S.C. § 1346(b)(1).

2.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim all transpired in the Middle District of Georgia, and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for loss of property and personal injury arising out of conduct of a United States employee.

3.

Plaintiffs ANTHONY COTTON and PAMELA COTTON are residents of Peach County, Georgia and reside at 504 Valley View Drive, Fort Valley, Georgia 31030.

4.

At all times relevant to this Complaint, the United States Postal Service is an independent agency of Defendant's executive branch. "Pursuant to the Postal Reorganization Act, the [FTCA] applies to 'tort claims arising out of [Postal Service] activities.' 39 U. S. C. §409(c)." *Dolan v. Postal Service*, 546 U.S. 481 (2006)

5.

At all times relevant to this Complaint, Douglas Sirdarris Collins was an agent, servant and employee of the United States Postal Service.

6.

Defendant may be served with this Complaint and summons through the U.S. Attorney for the Middle District of Georgia, by Attention: Honorable Peter D. Leary, U.S. Attorney's Office, Gateway Plaza, 300 Mulberry Street, 4th Floor, Macon, Georgia 31201, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

7.

The Attorney General of the United States may be served with this Complaint and summons through the Attorney General of the United States, Department of Justice, Room 5111, 10th & Constitution Avenue, NW, Washington, D.C. 20530, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

8.

Plaintiff Anthony Cotton provided the timely notice required by 28 U.S.C. § 2401(b) by mailing a properly executed Standard Form 95. (See "Claim Injury Form," attached hereto and incorporated herein as "Exhibit 1.")

9.

Plaintiff Pamela Cotton provided the timely notice required by 28 U.S.C. § 2401(b) by mailing a properly executed Standard Form 95. (See "Claim Injury Form," attached hereto and incorporated herein as "Exhibit 2.")

10.

The respective Standard Forms 95 were received on July 5, 2022. (See the acknowledgments or receipt collectively attached hereto and incorporated herein as "Exhibit 3.")

11.

Plaintiffs have not received a reply from Defendant within six (6) months from this mailing, which Plaintiffs deem as a denial of his claim by Defendant, as permitted by 28 U.S.C. § 2675(a).

12.

Plaintiffs are timely filing this complaint within six (6) months of this effective denial.

13.

On March 9, 2021, Plaintiff Anthony Collins was driving his 2015 Nissan Pathfinder west on Orange Street approaching the intersection with Knoxville Street in Fort Valley, Peach County, Georgia; Plaintiff Pamela Collins was his passenger.

14.

At that same time and place, Douglas Sirdarris Collins, driving a United States Postal Service vehicle, negligently rear-ended Plaintiff's vehicle with great force.

15.

Defendant, by and through Douglas Sirdarris Collins, was negligent in the following particulars including, but not limited to:

1.     Following too closely;

2.     Failing to keep a proper lookout; and,

3.     Defendant was otherwise negligent.

16.

As a direct and proximate result of Defendant's negligence, Plaintiff Anthony Collins sustained injuries including, but not limited to Cervical facet syndrome; Cervicalgia; Lumbago; Lumbar facet joint syndrome; Spasm of lumbar paraspinous muscle; Cervical paraspinal muscle spasm; and, Coccyxdynia.

17.

As a further direct and proximate result of Defendant's negligence, Plaintiff Anthony Cotton has incurred medical expenses in an amount, the exact nature and amounts of which are incapable of precise ascertainment at this time, but which are estimated to be approximately Seventeen Thousand Five Hundred Ten and 40/100

Dollars ($17, 510.40) and which shall be fully and finally determined at the trial of this case.

18.

As a further direct and proximate result of the negligence of the Defendant, Plaintiff Anthony Cotton, suffered and continues to suffer bodily harm, mental anguish and distress, physical pain, and was prevented from engaging in activities commonly and usually enjoyed by persons of his age and station in life, all to his damage, the exact nature and amount of which are incapable of precise ascertainment at this time, but which shall be fully and finally determined at the trial of this case.

19.

As a further direct and proximate result of the negligence of the Defendant, Plaintiff Anthony Cotton sustained damage to his 2015 Nissan Pathfinder in the amount of Two Thousand Fourteen and 27/100 Dollars ($2,014.27).

20.

As a direct and proximate result of Defendant's negligence, Plaintiff Pamela Collins sustained injuries including, but not limited to Cervical facet syndrome; Cervicalgia; Lumbago; and, Lumbar facet joint syndrome.

21.

As a further direct and proximate result of Defendant's negligence, Plaintiff

Pamela Cotton has incurred medical expenses in an amount, the exact nature and amounts of which are incapable of precise ascertainment at this time, but which are estimated to be approximately Twelve Thousand Four Hundred Seventy-one and 54/100 Dollars ($12,471.54) and which shall be fully and finally determined at the trial of this case.

22.

As a further direct and proximate result of the negligence of the Defendant, Plaintiff Pamela Cotton, suffered and continues to suffer bodily harm, mental anguish and distress, physical pain, and was prevented from engaging in activities commonly and usually enjoyed by persons of her age and station in life, all to her damage, the exact nature and amount of which are incapable of precise ascertainment at this time, but which shall be fully and finally determined at the trial of this case.

WHEREFORE, Plaintiffs pray:

1. That summons and process issue as required by law;

2. That Plaintiff Anthony Cotton have judgment against Defendant for special and general damages related to his personal injuries in an amount no more than $50,000.00.

3. That Plaintiff Pamela Cotton have judgment against Defendant for special and general damages related to her personal injuries in an amount no more

than $50,000.00.

4. That Plaintiff Anthony Cotton have judgment against Defendant for damage to his property in the amount $2,014.27.

5. That Plaintiffs have trial by jury; and

6. That Plaintiffs have such other and further relief as this Court deems just and proper

Respectfully submitted this 24th day of January, 2023.

ALDERMAN & HUTCHERSON, LLC

/s/ Samuel G. Alderman, III
Samuel G. Alderman, III.
Georgia Bar No. 008240

487 Cherry Street, Suite 250
Macon, Georgia 31201
(478: 476-8998
(413: 669-8537 (facsimile:
sgaiii@bellsouth.net          Attorney for Plaintiffs

8